IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES, et al., | : | |
| ex rel. STEVE M. McKEE, | : | CIVIL ACTION |
|     Plaintiffs, | : | |
| | : | |
|     v. | : | |
| | : | No. 04-1664 |
| NOVARTIS PHARMACEUTICALS | : | |
| CORPORATION, | : | |
|     Defendant. | : | |

ORDER

AND NOW, this 27th day of May, 2011, upon consideration of the Stipulation of

Dismissal filed by Relator (Doc. No. 60) and review of the Settlement Agreements between the

parties, the Court hereby ORDERS as follows:

1.   Relator's claims on behalf of the United States, California, Connecticut, Delaware, Georgia, Hawaii, Illinois, Massachusetts, Montana, Nevada, New Hampshire, New Mexico, New York, North Carolina, Oklahoma, Rhode Island, Tennessee, Texas, and Virginia are hereby DISMISSED.  As to the Relator's claims on behalf of the United States, the Court hereby gives its written consent to the dismissal on the grounds that (a) the settlement amount is adequate, fair, and reasonable, both to the parties and the public; (b) the parties were represented by competent attorneys; and (c) the negotiations were conducted at arms length.  See 31 U.S.C. § 3730(b)  To the extent that the state false claims statutes for the states listed above require the Court to give its written consent to the dismissal or settlement of this case and its reasons for consenting, the Court hereby consents on the same grounds as articulated above.  See Cal. Gov. Code § 12652(c)(1); Conn. Gen. Stat. § 17b-301d(a); Del. Code Ann. tit. 6, § 1203(b)(1); Ga. Code Ann. § 49-4-168.2(b); Haw. Rev. Stat. § 661-25(a) & (f); 740 Ill. Comp. Stat. 175/4(b)(1); Mass. Gen. Laws ch. 12, § 5C(2); Mont. Code Ann. § 17-8-406(1) & (4); Nev. Rev. Stat. § 357.080; N.M. Stat. Ann. § 44-9-5(A); N.C. Gen. Stat. § 1-608(b)(1); Okla. Stat. tit. 63, § 5053.2; R.I. Gen. Laws § 9-1.1-4; Tenn. Code Ann. § 71-5-183; Tex. Hum. Res. Code Ann. § 36.102; Va. Code Ann. § 8.01-216.5.

2.   On or before Friday, June 17, 2011, the District of Columbia shall file a short brief with this Court explaining how the settlement agreement it signed fulfilled the "public disclosure purposes" of the District's false claims statute.  See D.C.

Code § 2-308.15(b)(1).

3.      On or before Friday, June 17, 2011, Relator and Florida shall each either file a written statement waiving their respective rights to the hearing guaranteed by Fla. Stat. § 68.084(b), or request a hearing with this court for settlement approval purposes.

4.      On or before Friday, June 17, 2011, Indiana shall either file a motion to dismiss pursuant to Ind. Code § 5-11-5.5-4(b), or file a written statement waiving its right to the hearing guaranteed by § 5-11-5.5-5(c), or request a hearing with this court for settlement approval purposes.

5.      On or before Friday, June 17, 2011, Louisiana shall file a statement advising the Court (a) how the terms of its settlement agreement will become a matter of public record, see La. Rev. Stat. Ann. § 46:437.5(A); and (b) whether the settlement amount "covers the estimated loss sustained by the medical assistance programs," see § 46:437.5(B).

6.      On or before Friday, June 17, 2011, Michigan shall either file a written statement waiving its right to the hearing guaranteed by Mich. Comp. Laws § 400.61a(1), or request a hearing with this court for settlement approval purposes.

7.      On or before Friday, June 17, 2011, New Jersey shall either file a written statement waiving its right to the hearing guaranteed by  N.J. Stat. Ann. § 2A:32C-5(c), or request a hearing with this court for settlement approval purposes.

8.      On or before Friday, June 17, 2011, Wisconsin shall (a) file a short statement indicating whether the Attorney General received the consent of the Governor to settle this case as required by Wis. Stat. § 20.931(7)(b); and (b) either file a short statement waiving its right to the hearing guaranteed by  § 20.931(7)(b), or request a hearing with this court for settlement approval purposes.

BY THE COURT:

/s/ Legrome D. Davis

Legrome D. Davis, J.